**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-6523**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

RANDY NESBITT,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:96-cr-00044-LMB-1; 1:17-cv-00234-LMB)

_____

Submitted: August 24, 2017                    Decided: August 29, 2017

_____

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Randy Nesbitt, Appellant Pro Se. Lawrence Joseph Leiser, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Nesbitt seeks to appeal the district court's order dismissing as second or successive his 28 U.S.C. § 2255 (2012) motion and construing his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 motion, and dismissing it on that basis. The order denying Nesbitt's successive § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Nesbitt has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

Insofar as the district court construed Nesbitt's Rule 60(b) motion as a successive § 2255 motion and dismissed it on that basis, we grant leave to proceed in forma pauperis and affirm in part. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015) (holding that a certificate of appealability is not required in order to address the district

2

court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition").

Additionally, we construe Nesbitt's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Nesbitt's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*